## ANDERSON v. McCAIN. (No. 194.)

(Court of Civil Appeals of Texas. Beaumont. May 17, 1917.)

1. TRIAL ⬡⇒260(6) — REQUESTED INSTRUCTIONS COVERED BY GENERAL CHARGE.

Refusing a requested instruction that plaintiff could not recover for damages to his crops by defendant landlord if he was a subtenant without defendant's consent is not erroneous, where an instruction submitted the question whether plaintiff leased the land from defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 656.]

2. APPEAL AND ERROR ⬡⇒1003 — VERDICT — CONCLUSIVENESS.

Court of appeals will not disturb a verdict based upon ample evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943.]

3. APPEAL AND ERROR ⬡⇒260(1)—RESERVING GROUNDS FOR REVIEW — ADMISSIBILITY OF EVIDENCE.

The admission of evidence not excepted to at the time will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503, 1506–1509, 1511–1515.]

Appeal from Liberty County Court; C. N. Smith, Judge.

Action by J. A. McCain against B. F. Anderson. Judgment for plaintiff, and defendant appeals. Affirmed.

H. E. Marshall, of Liberty, for appellant. C. H. Cain, of Liberty, for appellee.

BROOKE, J. This was a suit instituted by J. A. McCain against B. F. Anderson, on September 29, 1915, for alleged injuries and damage to plaintiff's crop grown on defendant's premises during said year. On the trial before a jury, verdict was rendered for plaintiff in the sum of $39, and judgment duly entered thereon. Afterwards, motion for new trial was in due time filed, presented, and overruled, and notice of appeal given, and the case is now properly before this court for review.

[1] Challenge is made by the first assignment of error to the action of the court in refusing to give special charge No. 2 requested by defendant, for the reason that the evidence in the case raised and suggested the issues that originally J. B. McCain had rented the same, and subrented or sublet the same, without the consent of defendant, to the plaintiff in this case. Said requested charge is as follows:

"You are instructed that if J. B. McCain originally rented the premises in controversy from defendant, and said J. B. McCain then subrented or subleased same to his son, the plaintiff, without the consent of defendant, you will answer question No. 1 by saying, 'No.'"

The court submitted the following charge to the jury upon the whole case:

"The court will submit this case to you upon special issues, and your verdict will be your answers to the questions hereinafter propounded to you by the court. A separate piece of paper will be given you on which to write your answers.

"The burden of proof is on the plaintiff to show by a preponderance of the testimony, and which is meant by the greater weight of credible testimony, all issues submitted to you hereinafter, except questions Nos. 1, 2, 3, 6, and 7, the burden of proof is upon the plaintiff. As to questions Nos. 4 and 5, the burden of proof is upon the defendant.

"Question No. 1. Did the defendant, B. F. Anderson, enter into a contract with J. A. McCain for the rental of the land and house belonging to the defendant as alleged, for the year 1915? Answer, 'Yes,' or 'No.' (Jury answered, 'Yes.') If you answer the foregoing question, 'No,' then you need answer no other questions in this case.

"Question No. 2. Was the crop, or any part thereof except the sorghum cane, belonging to J. A. McCain, damaged by hogs, cattle, goats, or horses belonging to defendant depredating upon same in any manner, caused by the negligence of the defendant, B. F. Anderson? If so, to what extent, and state the amount of damages in dollars and cents to each kind of said crop?

"Question No. 3. Did defendant actually damage plaintiff by ploughing the ground on which the plaintiff had raised cotton during the year 1915? Answer, 'Yes,' or, 'No.' If you answer the foregoing question, 'Yes,' then you will state the amount of damages in dollars and cents.

⬡⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Question No. 4. If your answer to question No. 3 be 'No,' then you will answer this question: Did plaintiff wrongfully, and without cause, sue out the writ of injunction against the defendant restraining defendant from ploughing said land cause damages to the defendant? Answer, 'Yes,' or, 'No.'

"Question No. 5. If you answer the foregoing question, 'Yes,' then state how much damages the plaintiff caused defendant? Answer this by stating the amount of damages in dollars and cents.

"Question No. 6. Did the defendant, B. F. Anderson, forbid the plaintiff to put any stock in the pasture testified about which had been previously agreed upon between the parties, that could be placed in said pasture? Answer, 'Yes,' or, 'No.'

"Question No. 7. If you answer the foregoing question, 'Yes,' then state how much damage, if any, defendant caused plaintiff by preventing plaintiff from putting such stock in said pasture that plaintiff had a right to put in said pasture under said contract? Answer by stating the amount in dollars and cents."

It will be seen that the court submitted to the jury the direct question as to whether the plaintiff rented the property from the defendant in person. The jury answered this question in the affirmative; therefore, it negatived the idea, conclusively, that he was holding as a subrenter under his father, or anyone else. The special charge, therefore, having been covered by the court's charge, there was no error in his refusal to again present practically the same question for the consideration of the jury. Therefore the assignment is overruled.

The second assignment of error seems to be grouped with the fourth and fifth assignments, as bearing upon the same point, and the action of the lower court is complained of because the answer of the jury to question No. 1 is unsupported by the evidence, in this, that the greater preponderance of the testimony shows that J. A. McCain did not at any time rent the land and premises in controversy from defendant, but that J. B. McCain rented the same, and therefore J. A. McCain has no right to sue, and because the answer of the jury to question No. 1 is erroneous, in that it is not supported by a preponderance of the testimony, which shows that the plaintiff did not rent said land from the defendant, but that J. B. McCain rented said premises from the defendant, and subrented or subleased the same to J. A. McCain without the consent of defendant.

[2] The jury heard the testimony in this case, and, the witnesses having testified in their presence, they were better able to know the real facts, and therefore were in a position to ascertain the truth of the answers of the persons testifying. They having passed upon this matter, and the testimony being ample, we are not disposed to disturb their action. The assignment is therefore overruled.

The third assignment of error complains of the answer of the jury to question No. 2, and says that the evidence offered to the jury had no basis for the jury to find damages for $5 to cabbage, $24 to corn, and $5 to peanuts, and the evidence is insufficient for the jury to render any damages for cabbage, corn, and peanuts, and because said verdict for damages for $5 for cabbage, $24 for corn, and $5 for peanuts is against the greater preponderance of the testimony, and is wholly insufficient to support the said verdict for the respective amounts therein given.

[3] There is no bill of exception in this record with reference to the action of the court in admitting testimony, and therefore the record, having been carefully examined, affords ample justification for the verdict of the jury in the finding complained of. It may be said that, if evidence was improperly admitted, the appellant cannot be heard to complain, for the reason that no exception was taken at the time to the action of the court in admitting the testimony complained of. Therefore this assignment is overruled.

As presented by this record, the appellant has had a fair and impartial trial in the lower court. No error has been found in the action of the lower court of which the appellant can be heard to complain. The verdict of the jury seems to be based upon the testimony, and would appear to have been reasonable.

Therefore the appellant's assignments are overruled, and the judgment is, in all things, affirmed.